UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALLEN HOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | No. 2:18-cv-01408 CKD<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1982, applied on January 4, 2012 for SSI and disability insurance benefits, alleging disability beginning July 30, 2007. Administrative Transcript ("AT") 21, 28. Plaintiff alleged he was unable to work due to seizures, schizophrenia, depression, anxiety, epilepsy, and psychosis. AT 79. In a decision dated September 4, 2013, the ALJ determined that

1

plaintiff was not disabled.[1] AT 21-30.

Plaintiff sought review of the final decision with the United States District Court, and on March 9, 2017, Magistrate Judge Deborah Barnes granted plaintiff's motion for summary judgment and remanded the matter to the Commissioner. AT 636-643. Specifically, Judge Barnes found that the ALJ, while claiming to assign the 2012 opinion of Dr. T. Renfro considerable weight, failed to include in the RFC Dr. Renfro's finding that plaintiff had moderate limitations in his ability to interact with coworkers. AT 640. While the RFC limited plaintiff to no public contact, it had no limitation on coworker interactions. AT 637. Judge Barnes further found that the ALJ's error was not harmless, as the vocational expert (VE) testified that someone

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

with plaintiff's RFC who was unable to interact with coworkers or supervisors would be unable to perform any jobs. AT 641.

Following remand and a hearing on November 30, 2017, the ALJ made the following findings in the decision at issue in this matter (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since July 30, 2007, the alleged onset date.
>
> 3. The claimant has the following severe impairments: history of seizures and mood disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant could perform unskilled work. The claimant could understand, remember, and apply simple instructions. The claimant could maintain concentration for simple tasks. The claimant could never interact with the public. The claimant could occasionally interact with coworkers. The claimant could never participate in teamwork assignments. The claimant could never climb ladders, ropes, and scaffolds. The claimant could never work at heights or around dangerous machinery. The claimant could frequently climb ramps and stairs. The claimant could frequently crouch.
>
> 6. The claimant has no past relevant work.
>
> 7. The claimant was born on XX/XX 1982, which is defined as a younger individual age 18-49 on the alleged disability onset date.
>
> 8. The claimant has at least a high-school education and is able to communicate in English.
>
> 9. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from July 30, 2007, through the date of this decision.

AT 550-563.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ failed to properly account for the opinion of examining physician Dr. T. Renfro in the residual functional capacity (RFC) finding.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

////
////
////

ANALYSIS

Plaintiff asserts that, once again, the ALJ purportedly credited Dr. Renfro's April 2012 opinion as to non-exertional limitations but failed to incorporate certain of those limitations into the RFC.

Dr. T. Renfro, a psychologist, conducted a comprehensive mental status evaluation of plaintiff on April 14, 2012. AT 401-405. Dr. Renfro concluded that, from a mental health perspective, plaintiff was "able to understand, remember, and carry out simple one or two-step job instructions"; unable to do detailed and complex instructions; was "moderately impaired in his ability to relate and interact with coworkers and the public"; was moderately impaired in his ability to perform work activities on a consistent basis; and had other, mild nonexertional impairments. AT 405.

In her January 2018 decision, the ALJ summarized Dr. Renfro's findings and concluded (in part): "The opinion of Dr. Renfro is given significant weight, as she found moderate limitations in cognitive functioning. Dr. Renfro's assessment was similar to State agency findings. [Record citation.] Dr. Renfro based her findings on the examination and the record in its entirety. Dr. Renfro [sic] observations are consistent with the record in its entirety." AT 557-558, 561-562.

A. Simple Tasks

Plaintiff's first argument is that the RFC did not incorporate Dr. Renfro's finding that plaintiff could perform "simple <u>one- or two-step</u> job instructions." (Emphasis added.) Plaintiff contends that the RFC's limitation to "simple instructions" and "simple tasks" does not reflect the more restrictive term of art used by Dr. Renfro.

In addition to crediting Dr. Renfro's opinion, the ALJ also credited the opinions of a State agency psychologist and a State agency psychiatrist who reviewed plaintiff's records in 2012 and concluded that he could "understand, remember, and carry out simple work instructions" and "can adapt to a work setting that is simple and routine." AT 558-559, 560-561; <u>see</u> AT 91, 117. The RFC stated that plaintiff "could understand, remember, and apply simple instructions" and "could maintain concentration for simple tasks." AT 555.

At step five, the ALJ relied on VE testimony that an individual with plaintiff's RFC, including the ability to handle simple job instructions and simple job tasks, could perform work as a laborer, laundry worker, and automobile detailer. AT 563, AT 590-591. As plaintiff points out, all three positions require Level Two reasoning. See AT 563, citing DOT 922.687-058 (laborer), 361.685-018 (laundry worker), 915.687-034 (auto detailer).[2]

In Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1003 (9th Cir. 2015), the Ninth Circuit held that a limitation to one- and two-step tasks is more restrictive than a limitation to performing simple repetitive work, with the former limitation being incompatible with jobs requiring Step Two reasoning. The Ninth Circuit observed that a limitation to one- and two-step tasks is more akin to Level One reasoning, which "requires a person to apply commonsense understanding to carry out simple one-or-two step instructions." Id. at 1002-1003. Thus, had the RFC incorporated Dr. Renfro's express limitation to one- and two-step tasks, it would have precluded plaintiff from performing any of the three jobs identified by the VE, under Rounds.

While the ALJ was not required to adopt Dr. Renfro's exact language, plaintiff contends that the ALJ was required to explain why the RFC did not include the examining doctor's limitation to "simple one- or two-step job instructions." See Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir. 1984) (ALJ must "explain why significant probative evidence has been rejected"), citing Cotter v. Harris, 642 F.2d 700, 706 (3d Cir.1981). While this term may sound interchangeable with the State agency doctors' opinions that plaintiff could "carry out simple work instructions," Rounds makes the difference key to what types of job plaintiff could perform.

/////

---

[2] There are six GED Reasoning Levels ranging from Level One (the simplest) to Level Six (the most complex). At Level One, an individual can "[a]pply commonsense understanding to carry out <u>simple one- or two-step instructions</u>. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT App. C, § III (emphasis added). At Level Two, an individual can "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."

In a similar case, Braswell v. Berryhill, 2:15-cv-2672 EFB, 2017 WL 1198507, **1, 4 (E.D. Cal. March 31, 2017), the ALJ purported to give substantial weight to two doctors' opinions that the claimant was limited to performing one- and two-step assignments, but the RFC merely limited plaintiff to "simple repetitive tasks." Applying Rounds, the magistrate judge determined the difference in language was "significant" and that the ALJ "erred by rejecting without any explanation the [doctors'] opinions that plaintiff was limited to one to two step assignments." Id., **4, 5.

In Braswell, the magistrate judge determined that the ALJ's error was harmless. In that case, the VE identified two jobs plaintiff could perform that required Level Two reasoning, but also identified a third job as a cleaner which required Level One reasoning. 2017 WL 1198507 at *6. This third job was consistent with a limitation to one-and two-step tasks under Rounds. "As the ALJ's finding that plaintiff can work as a cleaner is supported by substantial evidence, any error in finding that he could perform the positions of laundry worker and car wash attendant was harmless," the magistrate judge concluded. Id.

In the instant case, in contrast, all three jobs identified by the VE require Level Two reasoning, and the ALJ based the nondisability determination on plaintiff's ability to perform one or more of the identified jobs. AT 563. Thus the error was not harmless, and plaintiff is entitled to summary judgment on this basis.

B. Contact with Coworkers

Turning to the second issue raised by plaintiff, which also concerns Dr. Renfro's opinion, plaintiff contends that the ALJ erred in translating Dr. Renfro's opined limitations on social interactions into the RFC.

In the April 2012 assessment, Dr. Renfro stated that plaintiff was "moderately impaired in his ability to relate and interact with coworkers and the public." AT 405. Crediting this opinion as well as the agency physicians' opinions on mental functioning, the ALJ included the following limitations in the RFC: "The claimant could never interact with the public. The claimant could occasionally interact with coworkers. The claimant could never participate in teamwork assignments." AT 555.

The ALJ explained the basis for these limitations as follows:

> The residual functional capacity assessment takes into account the moderate limitations interacting with co-workers recommended as the undersigned has limited the claimant to only occasional co-worker contact and no team work assignments with co-workers. While Dr. Renfro found moderate limitations in public interactions as well, the undersigned has accounted for this by restricting the claimant to no public contact which would accommodate his mental limitations and history of seizures. There is no indication that a preclusion from co-workers is warranted. Dr. Renfro found only moderate limitations in this area; there is no evidence of a history of discord with co-workers and the claimant can interact appropriately with friends and family.[3] While the claimant's representative argued the claimant could not tolerate criticism from supervisors, Dr. Renfro concluded the claimant was only mildly limited in this area and thus such allegations are not supported by the record.

AT 562.

Plaintiff asserts that the ALJ's choice to limit plaintiff to "occasional" interactions with coworkers but no interaction with the public is improperly based on the ALJ's own interpretation of the medical evidence. Defendant counters that the RFC's limitations "more than adequately account for the moderate limitations in coworker interaction" opined by Dr. Renfro.

In Shaibi v. Berryhill, 883 F.3d 1102 (9th Cir. 2018), a consultative psychiatric examiner, Dr. Izzi, opined that the claimant was "moderately limited" in his ability to get along with peers and supervisors. Giving "significant weight" to this opinion, the ALJ found that the claimant was limited to work "in a non-public setting, with occasional interaction with coworkers." Id., **1105, 1107. The Ninth Circuit reasoned that "[t]he ALJ evidently contemplated that Shaibi's social limitations were significant enough that he was incapable of frequent or sustained interactions with coworkers, but not sufficiently debilitating that Shaibi could never interact with colleagues or supervisors. That conclusion is consistent with Dr. Izzi's opinion that Shaibi's social limitations were 'moderate,' rather than mild or market." Id., *1107. Similarly, here, the

---

[3] Earlier in her decision, the ALJ wrote: "In interacting with others, the claimant has a moderate limitation. However, the claimant reported that he is able to venture out unaccompanied, shop, fish, and take his children to and from school. The claimant reported that he is able to socialize with family. The evidence shows the claimant is able to maintain his ability to interact with others." AT 554; see, e.g., AT 578 (plaintiff testified that he and his girlfriend took their young children to the park and fishing); AT 582, 589 (plaintiff testified that he socialized with a lifelong friend, playing pool at his house four times a week).

8

RFC's limitation to "occasional co-worker contact and no team work assignments with co-workers" is consistent with the moderate social limitations opined by Dr. Renfro. Plaintiff has not shown error on this basis.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether plaintiff was disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant

period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;
2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is denied; and
3. This matter is remanded for further proceedings consistent with this order.

Dated: September 4, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE